UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DIAMOND STATE INSURANCE COMPANY,

    Plaintiff,

vs.

NICHOLAS GULLI, *et al.*,

    Defendants.

Case No. 2:10-cv-02159-JCM-GWF

**ORDER**

**Motion to Strike - #38**
**Counter-Motion to Strike - #44**

This matter is before the Court on Defendants Nicholas and Madison Gulli's Motion to Strike Plaintiff's Rebuttal Expert, Peter Ligeros (#38), filed on December 16, 2011; Co-Defendant Jackie Vohs' Joinder in Defendants' Motion (#39), filed on December 27, 2011; Plaintiff's Opposition to Motion to Strike Plaintiff's Rebuttal Expert and Counter-Motion to Strike Defendant's Expert, Robert Vannah (#44), filed on December 29, 2011; and Defendants' Reply and Opposition to Counter-Motion (#43), filed on January 9, 2011.

**BACKGROUND AND DISCUSSION**

This case involves an insurance declaratory relief action which arises out of an underlying personal injury action brought by Nicholas and Madison Gulli ("Gulli Defendants") against Jackie Vohs and the Henderson Saddle Association ("Association"). Plaintiff Diamond State Insurance Company ("Diamond State") alleges that it does not have a duty to provide medical expense coverage benefits or to defend or indemnify Ms. Vohs and the Association under a General Liability policy issued to the Association.

The deadline for designating and disclosing expert witnesses in this case was May 23, 2011. On that date, the Gulli Defendants designated attorney Robert Vannah as their expert witness pursuant to Fed.R.Civ.Pro. 26(a)(2). Plaintiff Diamond State did not designate or disclose an

expert witness or rebuttal expert witness within the scheduling order deadlines. On August 1, 2011, however, the Court granted Diamond State leave to designate and disclose a rebuttal expert to Mr. Vannah. Diamond State thereafter disclosed Peter Ligeros as its rebuttal expert on August 16, 2011. The Gulli Defendants now move to strike Mr. Ligeros as a rebuttal expert on the grounds the opinions set forth in his report do not constitute "rebuttal opinions" to Mr. Vannah's expert opinions. Diamond State opposes the motion, arguing that Mr. Ligeros' opinions are proper rebuttal opinions within the meaning of Rule 26(a)(2)(D)(ii). Diamond State also counter moves to strike Mr. Vannah as an expert witness on the grounds that his proposed expert testimony consists of inadmissible legal opinions.

The interpretation of an insurance policy is a question of law for the court. Expert testimony cannot be used to provide legal meaning or interpret the insurance policy as written. *McHugh v. United Services Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999), citing *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) (stating that expert testimony is not proper for issues of law because the role of experts is to interpret and analyze factual evidence and not to testify about the law); *Maffei v. Northern Ins. Co. of New York,* 12 F.3d 892, 898-99 (9th Cir.1993) (holding that an insurance expert's declaration that sulphur dioxide cloud constituted a "hostile fire" as described in insured's policies was improper expert testimony); *Aguilar v. Int'l Longshoremen's Union Local No. 10,* 966 F.2d 443, 447 (9th Cir.1992) (stating that matters of law are "inappropriate subjects for expert testimony"). *See also The Flintkote Co. v. General Accident Assurance Co.*, 410 F.Supp.2d 875, 885 (N.D.Cal. 2006) (stating that under California law expert testimony is inadmissible to establish the meaning of language in an insurance policy); and *Wells Fargo Bank v. LaSalle Bank National Association*, 2011 WL 743748 (D.Nev. 2011) (stating that "[u]nless a contract is deemed ambiguous or there is a term of the contract that requires an expert's explanation, it is improper for an expert to interpret or construe a contract in his opinion".)

The report of the Gulli Defendants' expert witness Robert Vannah consists only of his legal opinions as an attorney-at-law regarding the proper interpretation of the insurance policy, including his opinions that certain policy provisions are ambiguous and should be construed in favor of the insureds. *Motion to Strike (#38), Exhibit B.* Mr. Ligeros, who has a law degree, but whose

professional background is risk management and insurance consulting, couches his opinions in terms of industry custom and practice. *Id. Exhibit C.* Mr. Ligeros does not, however, offer opinions on some insurance industry custom or practice that might be relevant and admissible to the construction of an ambiguous policy provision. He instead simply offers his counter interpretation of the meaning of the policy language as applied to the facts of the underlying claim. The opinions of both experts are therefore inadmissible opinions regarding the legal interpretation of the insurance policy and should be stricken on that basis. (An order striking Mr. Vannah's opinions also eliminates the basis for rebuttal opinions by Mr. Ligeros.) Accordingly,

**IT IS HEREBY ORDERED** that the Gulli Defendants' Motion to Strike Plaintiff's Rebuttal Expert, Peter Ligeros (#38), joined in by Defendant Vohs (#39), and Plaintiff's Counter-Motion to Strike Defendant's Expert, Robert Vannah (#44) are both **granted** on the grounds that the proposed expert testimony of these witnesses is inadmissible.

DATED this 12th day of January, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge