UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DIAMOND STATE INSURANCE COMPANY,

    Plaintiff,

v.

NICHOLAS GULLI, et al.,

    Defendants.

2:10-CV-2159 JCM (GWF)

### ORDER

Presently before the court are plaintiff Diamond State Insurance Company's motion for summary judgment (doc. #42), defendants Nicholas and Madison Gulli's motion for summary judgment (doc. #41), defendant Jackie Vohs' counter motion for summary judgment (doc. #54), and defendant Henderson Saddle Association's counter motion for summary judgment (doc. #48).

This case arises out of an accident which occurred on October 25, 2009, at the Henderson Saddle Association's ("the association") property. Association member Nicholas Gulli ("Gulli") was walking his horse into an arena to practice cattle roping. Association member Jackie Vohs ("Vohs") was driving the association's water truck and watering the arena for dust control. The spraying water frightened Gulli's horse; while Gulli was standing next to the horse, the horse reared and stepped on Gulli. Gulli was injured as a result of this incident. At the time of the incident, the association had an insurance policy with plaintiff Diamond State Insurance Company ("plaintiff").

**James C. Mahan**
**U.S. District Judge**

On July 22, 2010, Gulli and his wife, Madison Gulli, filed an underlying action in state court. The complaint named the association and Vohs as defendants and asserted claims for negligence, negligent entrustment, premises liability, and loss of consortium. (Doc. #42, Ex. 3). Pursuant to a reservation of rights, plaintiff here has been defending the insured defendants in the underlying state court action brought by the Gullis.

Plaintiff filed the instant declaratory action in federal court on December 13, 2010. (Doc. #1). The complaint named the association, Vohs, and Nicholas and Madison Gulli as defendants. The four-count complaint asserts that the insurance policy does not cover the claims in the underlying state court case because: (1) the medical payments exclusion precludes coverage; (2) the participants exclusion precludes coverage; and (3) the loss of consortium claim in the underlying action is part of the excluded bodily injury claim. The final claim for declaratory relief seeks an order terminating plaintiff's duty to defend in the state court action. (Doc. #1).

The insurance policy states:

> [Plaintiff] will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. [Plaintiff] will have the right and duty to defend the insured against any "suit" seeking those damages. However, [plaintiff] will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

(Doc. #42, Ex. 4).

The material issue before the court is the interpretation of two exclusionary clauses in the insurance policy. The first exclusion to the insurance policy is for "medical payments to members (equine clubs)." (Doc. #42, Ex. 1). This exclusion states that plaintiff "will not pay expenses for 'bodily injury' to any member." (Doc. #42, Ex. 1). The second exclusion is for participants. (Doc. #42, Ex. 2). This exclusion states that the "insurance does not apply to 'bodily injury' arising out of any practice for or participation in any equestrian event." (Doc. #42, Ex. 2).

. . .

. . .

. . .

James C. Mahan
U.S. District Judge

- 2 -

## Summary judgment standard

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996); FED. R. CIV. P. 56(c); *see also Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Assn.*, 809 F.2d 626, 630 (9th Cir.1987). The purpose of summary judgment is to "pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec.*, 475 U.S. at 586; *International Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401, 1405 (9th Cir. 1985).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002) (expressing the standard for authentication of evidence on a motion for summary judgment). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answer to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324; FED. R. CIV. P. 56(c).

## Insurance policy interpretation

When the facts are not in dispute, the interpretation of a contract is a question of law. *Federal Ins. Co. v. American Hardware Mut. Ins. Co.*, 124 Nev. 319, 322 (2008). "The terms of an insurance policy must be construed in their plain and ordinary sense and from the viewpoint of one not trained in the law." *Griffin v. Old Republic Ins. Co.*, 122 Nev. 479, 482 (2006) (internal quotations omitted). Further, "the policy must be read as a whole in order to give a reasonable and harmonious meaning and effect to all its provisions." *National Union Fire Ins. Co. of State of Pa., Inc. v. Reno's Executive Air, Inc.*, 100 Nev. 360, 364 (1984). When an ambiguity exists, the court should consider the language of the policy, the intent of the parties, the subject matter of the policy, and the circumstances surrounding the issuance of the policy. *Id.* at 365. The court interprets

**James C. Mahan**
**U.S. District Judge**

clauses excluding coverage narrowly against the insurer. *American Hardware*, 124 Nev. at 322. Finally, "[a]ny ambiguity or uncertainty in an insurance policy must be construed against the insurer and in favor of the insured." *Griffin*, 122 Nev. at 482 (internal quotations omitted).

**I.   Medical payments exclusion**

The medical exclusion to the insurance contract states: "EXCLUSION – MEDICAL PAYMENTS TO MEMBERS (EQUINE CLUBS) . . . MEDICAL PAYMENTS: We will not pay expenses for 'bodily injury' to any member." (Doc. #42, Ex. 1).

It is undisputed that Gulli is a member of the association. Thus, plaintiff asserts that this exclusion clearly precludes coverage for any of Gulli's medical expenses. Importantly, plaintiff acknowledges that a ruling on this exclusion issue is not dispositive of all coverage issues. (Doc. #60). In response, defendants argue that the medical exclusion is ambiguous because the term "equine club" is not defined in the agreement. Therefore, it is not clear whether the exclusion applies to all members of the association or only to members of the "equine club."

The court finds that the medical exclusion clearly and unambiguously precludes coverage for association member Gulli's medical expenses. Defendants have not presented the court with any evidence that there is a material difference between the term "equine club" and the association. Indeed, all of the evidence before the court indicates that the term "equine club" and the association are interchangeable. Therefore, any alleged ambiguity in this contractual provision would not have a practical impact on the medical exclusion coverage. Defendants have not established "specific facts showing that there is a genuine issue for trial" on the medical payments exclusion. *Celotex Corp.*, 477 U.S. at 324. Accordingly, summary judgment in favor of plaintiff on the first claim for declaratory relief in the complaint is appropriate.

**II.   Participant exclusion**

The participant exclusion states: "EXCLUSION – PARTICIPANTS . . . This insurance does not apply to 'bodily injury' arising out of any practice for or participation in any equestrian event." (Doc. #42, Ex. 2).

James C. Mahan
U.S. District Judge

- 4 -

1  Plaintiff asserts that Gulli was participating in or practicing an equestrian event at the time of the incident; Gulli was walking his horse to the arena to practice cattle roping with a friend. Plaintiff argues that Gulli did not need to be practicing for a specific future competition or event because cattle roping itself is the equestrian event. Thus, team roping is an equestrian event and, accordingly, plaintiff argues that the participant exclusion applies.

Defendants respond that the participant exclusion does not apply because Gulli was not participating in or practicing for an equestrian event. Here, the insurance policy does not define "practice," "participation," or "equestrian event." The plain meaning of "equestrian event" means something akin to a formal show, competition, performance, exhibition, or sponsored event. Simply walking a horse to an arena to rope cattle with a friend is not practice for or participation in an equestrian event. Further, defendants note that Gulli was not scheduled to participate in any of the association's planned roping events, so he was not "practicing" for any equestrian event. Therefore, defendants assert that the participant exclusion does not apply, and plaintiff has the duty to defend and indemnify.

After considering the policy as a whole, the court finds that the terms "practice," "participation," and "equestrian event" are ambiguous. These terms are not defined in the policy. A person not trained in the law, understanding these terms in their "plain and ordinary sense," could find that the policy does not clearly exclude coverage under the facts of this case. *See Griffin*, 122 Nev. at 482. Therefore, there is an ambiguity in the policy.

Pursuant to Nevada law, the court must interpret clauses excluding coverage narrowly against the insurer, *American Hardware*, 124 Nev. at 322, and construe any ambiguity or uncertainty in an insurance policy against the insurer and in favor of the insured. *Griffin*, 122 Nev. at 482 (internal quotations omitted). Therefore, the participant exclusion does not apply to the facts in this case. Accordingly, the court denies plaintiff's motion for summary judgment on the second claim for declaratory relief. Further, the court grants Jackie Vohs' counter motion for summary judgment as to the second claim.

. . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

### III. Loss of consortium

Plaintiff asserts that Mr. Gulli's claims are foreclosed by the participant exclusion and medical payments exclusion in the insurance policy, and Mrs. Gulli's claim for loss of consortium accordingly must also fail because it is derivative of Mr. Gulli's claims.

As discussed above, the court finds that the participant exclusion is ambiguous and must be construed against the insurer. The participant exclusion, therefore, does not bar plaintiff's liability under the policy, and Mr. Gulli's claims are not barred. Similarly, Mrs. Gulli's derivative claims are not barred by the participant exclusion. Therefore, plaintiff's motion for summary judgment is denied as to the third claim for declaratory relief, and the court grants Jackie Vohs' counter motion for summary judgment as to the third claim.

### IV. Termination of defense obligation

The last count in the complaint seeks a judgment from this court declaring that plaintiff has no obligation to continue providing a defense in the underlying state court action. The court has determined that the participant exclusion does not apply to the facts of this case. Therefore, plaintiff's motion for summary judgment is denied as to the fourth claim for declaratory relief, and the court grants Jackie Vohs' counter motion for summary judgment as to the fourth claim.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Diamond State Insurance Company's motion for summary judgment (doc. #42) be, and the same hereby is, GRANTED in part and DENIED in part. Plaintiff's motion for summary judgment is granted as to count one.

IT IS FURTHER ORDERED that defendant Jackie Vohs' counter motion for summary judgment (doc. #54) be, and the same hereby is, GRANTED in part and DENIED in part. Vohs' counter motion for summary judgment is granted as to counts two, three, and four.

IT IS FURTHER ORDERED that defendants Nicholas and Madison Gulli's motion for summary judgment (doc. #41) and defendant Henderson Saddle Association's counter motion for summary judgment (doc. #48) be, and the same hereby are, DENIED as moot. The court's rulings

James C. Mahan
U.S. District Judge

- 6 -

1  in the plaintiff's motion for summary judgment and Jackie Vohs' counter motion for summary
2  judgment fully dispose of the issues in this case.
3        IT IS FURTHER ORDERED that the clerk of court enter final judgment accordingly.
4        DATED June 8, 2012.

                                              _____
                                              **UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**